Jahan C. Sagafi (Cal. Bar No. 224887)
Relic Sun (Cal. Bar No. 306701)
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone: (415) 638-8800
Facsimile: (415) 638-8810
E-Mail: jsagafi@outtengolden.com
E-Mail: rsun@outtengolden.com

Troy L. Kessler (*pro hac vice motion forthcoming*)
Marijana Matura (*pro hac vice motion forthcoming*)
SHULMAN KESSLER LLP
534 Broadhollow Road, Suite 275
Melville, New York 11747
Telephone: (631) 499-9100
Facsimile: (631) 499-9120
E-Mail: tkessler@shulmankessler.com
E-Mail: mmatura@shulmankessler.com

Jason C. Marsili (SBN 233980)
POSNER & ROSEN LLP
3600 Wilshire Boulevard, Suite 1800
Los Angeles, CA 90010
Telephone: (213) 389-6050
Facsimile: (213) 389-0663
E-Mail: jmarsili@posner-rosen.com

*Attorneys for Plaintiff and proposed Collective and Class members*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| RYAN GORDON, on behalf of himself, and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MICHIGAN LOGISTICS, INC. d/b/a DILIGENT DELIVERY SYSTEMS, CALIFORNIA LOGISTICS, INC. d/b/a DILIGENT DELIVERY SYSTEMS, and INTERAMERICAN MOTOR CORPORATION,<br><br>Defendants. | Case No. 2:17-CV-01802<br><br>**COLLECTIVE ACTION**<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR VIOLATIONS OF FLSA AND STATE WAGE AND HOUR LAWS**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Ryan Gordon (hereinafter "Plaintiff") alleges, on behalf of himself and classes of those similarly situated, as follows:

## JURISDICTION AND VENUE

1.      This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

2.      Furthermore, this Court has federal question jurisdiction over Plaintiff's declaratory judgment action brought pursuant to 28 U.S.C. § 2201. Plaintiff's declaratory judgment action involves adjudication of federal issues, because the arbitration agreement at issue seeks to impair, and has the practical effect of impairing, Plaintiff's substantive and procedural rights under the FLSA.

3.      This Court also has original jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d), because this is a class action in which: (1) there are 100 or more members in the proposed class; (2) at least some members of the proposed class have a different citizenship from Defendants; and (3) the claims of the proposed class members exceed $5,000,000 in the aggregate.

4.      In addition, this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's state wage and hour law claims because those claims derive from a common nucleus of operative fact.

5.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1    6.    This Court has personal jurisdiction over Michigan Logistics, Inc.,

2  California Logistics, Inc., and Interamerican Motor Corporation ("IMC")

3  (collectively, "Diligent" or "Defendants") because they do business in California

4  and in this District, and because many of the acts complained of and giving rise to

5  the claims alleged occurred in and emanated from this District.

6    7.    Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)

7  because a substantial part of the events giving rise to the claims occurred in this

8  District.

9                          **<u>SUMMARY OF CLAIMS</u>**

10    8.    This lawsuit seeks to recover wages owed to Plaintiff and his similarly

11  situated co-workers, who worked for Defendants in the State of California as

12  delivery drivers, (collectively referred to as "Class Members" and/or "Drivers")

13  under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq.; Cal. Wage

14  Order No. 4-2001; Cal. Labor Code §§ 510, 1194; California Wage Payment

15  Provisions, Cal. Labor Code §§ 201, 202, & 203; California Meal And Rest Period

16  Provisions, Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226.7 & 512;

17  California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*; and

18  the California Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698-

19  2699.5.

20    9.    Plaintiff performed work for Diligent by driving and delivering

21  automobile parts throughout the State of California while classified by Diligent as

1 | an independent contractor.

2 |     10.    Diligent unlawfully classified Plaintiff and Class Members nationwide

3 | as independent contractors, despite the fact that they should have been classified as

4 | nonexempt employees.

5 |     11.    Plaintiff satisfied all applicable legal tests for employment status.  In

6 | addition, Diligent cannot bear their burden of showing that Plaintiff fits within one

7 | of the narrow exemptions to the FLSA or applicable state wage and hour law.

8 | Therefore, Plaintiff is entitled to overtime pay for all overtime hours worked, as

9 | well as additional remedies available under applicable law.

10 |     12.    Diligent has willfully refused to pay Plaintiff the required overtime

11 | compensation for overtime hours worked, and has failed to keep legally required

12 | time records.

13 |     13.    Diligent's practices violate the FLSA and the state laws pled herein.

14 | Plaintiff seeks declaratory relief; overtime compensation for all overtime work

15 | required, suffered, or permitted by Diligent; liquidated and/or other damages and

16 | penalties as permitted by applicable law; benefits recoverable under applicable law

17 | and interest; and attorneys' fees and costs.  Plaintiff also seeks declaratory relief

18 | regarding the unconscionability and inapplicability of Diligent's arbitration

19 | agreement.

20 | **<u>SUMMARY OF COLLECTIVE AND CLASS ACTION ALLEGATIONS</u>**

21 |     14.    Plaintiff brings this action on behalf of himself and all persons who

3

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

have worked for Diligent in any location covered by the FLSA[1] as delivery drivers (the "Class Position"), at any time within the three years prior to the filing of this Complaint through the date of the final disposition of this action (the "Nationwide FLSA Period"). This group is hereinafter referred to as the "Nationwide FLSA Plaintiffs."

15. The proposed FLSA class includes: all current and former Drivers who performed delivery services for Diligent nationwide and were or are classified as independent contractors and/or not classified as employees at any time during the three years prior to the filing of the Complaint.

16. Plaintiff Ryan Gordon ("the California Named Plaintiff") also brings this action on behalf of all persons who have worked for Diligent in California in the Class Position ("the California Class"), at any time within the four years prior to the date of the filing of this Complaint through the date of the final disposition of this action (the "California Class Period").

17. The California Class is hereinafter referred to as the "State Law Class."

## THE PARTIES

### I.  Plaintiff

#### A.  Ryan Gordon

18. Plaintiff Ryan Gordon has worked for Diligent as a Driver from

---

[1] The FLSA covers work performed in the fifty states, Washington, D.C., Guam, and other locations. 29 U.S.C. § 213(f).

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1   approximately 2006 to Present.

2       19.   Specifically, he has worked for Diligent as a Driver during the

3   following time periods:

4               a.   From 2006 to 2013, he worked for Diligent out of various car

5                   dealerships in California.

6       20.   Beginning in 2013 Mr. Gordon began working as a driver at various

7   IMC locations.

8       21.   Mr. Gordon worked for Diligent as a supervisor from mid-2014 to the

9   beginning of 2015 before being demoted to a Driver in the beginning of 2015.

10      22.   Mr. Gordon worked as a Driver for Diligent exclusively working out

11  of the IMC Canoga Park location in Los Angeles County until November 2016.

12      23.   Mr. Gordon consents to sue for violations of the FLSA, pursuant to

13  29 U.S.C. §§ 216(b) and 256.  His consent to join form is attached to this

14  Complaint.

15  II.  **Defendants (collectively, "Diligent")**

16      A.   **Michigan Logistics, Inc. ("MLI")**

17      24.   Defendant Michigan Logistics, Inc. ("MLI") is a corporation

18  incorporated under the laws of Texas.

19      25.   MLI does business as Diligent Delivery Systems.

20      26.   MLI is headquartered at 333 N. Sam Houston Parkway East #1000,

21  Houston, Texas 77060.

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1    27.    MLI lists on its website that it is engaged in the business of shipping

2   and delivery.  *See* http://diligentusa.com/  (last visited Feb.15, 2017).

3    28.    At all material times, MLI has been an "employer" within the meaning

4   of the FLSA and California law.  29 U.S.C. §203(d) and Cal. Lab. Code §1171.

5    29.    At all material times, MLI has been and remains an enterprise within

6   the meaning of the FLSA by virtue of business it conducts as described herein. 29

7   U.S.C. § 203(r) & (s).

8    30.    During the relevant time period, MLI has operated and continues to

9   operate a business principally consisting of logistic management, namely furnishing

10   Drivers to companies around the country.

11    **B.    California Logistics, Inc. ("CAL, Inc.")**

12    31.    CAL, Inc. is a corporation incorporated under the laws of Texas.

13    32.    CAL, Inc. does business as Diligent Delivery Systems.

14    33.    CAL, Inc. was and still is a domestic corporation organized and

15   existing pursuant to the laws of the State of California, and is headquartered at 333

16   N. Sam Houston Parkway East, #1000, Houston, Texas 77060.

17    34.    At all material times, CAL, Inc. has been an employer within the

18   meaning of the FLSA and California law.  29 U.S.C. §203(d) and Cal. Lab. Code

19   §1171.

20    35.    At all material times, CAL, Inc. has been and remains an enterprise

21   within the meaning of the FLSA by virtue of business it conducts as described

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1    herein. 29 U.S.C. § 203(r) & (s).

2        36.    During the relevant time period, CAL, Inc. has operated and continues

3    to operate a business principally consisting of logistic management, namely

4    furnishing Drivers for delivery companies in the State of California.

5        **C.    <u>Interamerican Motor Corporation ("IMC")</u>**

6        37.    IMC is a corporation incorporated under the laws of California.

7        38.    IMC is headquartered at 8901 Canoga Avenue, Canoga Park,

8    California 91304.

9        39.    At all material times, IMC has been an "employer" within the meaning

10    of the FLSA and California Law. 29 U.S.C. §203(d) and Cal. Lab. Code §1171.

11        40.    At all material times, IMC has been and remains an enterprise within

12    the meaning of the FLSA by virtue of business it conducts as described herein. 29

13    U.S.C. § 203(r) & (s).

14        41.    During the relevant time period, IMC has operated and continues to

15    operate a business primarily consisting of retail sales and distribution of automobile

16    parts.

17        **D.    <u>Joint Employment Relationship</u>**

18        42.    MLI, CAL Inc., and IMC formed a joint employment relationship with

19    respect to Plaintiff and the Class Members in furtherance of their respective

20    business purposes including, but not necessarily limited to delivery of auto parts to

21    customers of IMC by work performed by Plaintiff and Class Members.

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

43. Defendants constitute a unified operation

44. Defendants constitute a common enterprise.

45. Defendants have interrelated operations.

46. Defendants have common management.

47. Defendants have a centralized control of labor relations.

48. Defendants have common ownership.

49. Defendants MLI and CAL Inc. hire employees who are supervised by IMC.

50. Defendant IMC directs the day to day work of the Drivers who are hired by Defendants.

51. Defendants share employees.

52. Defendants commingled funds with each other.

53. Defendants MLI and CAL Inc. share the same physical addresses in the State of Texas.

54. Defendants constitute a single employer.

55. Defendants constitute an integrated enterprise.

56. As described herein, at all material times, Defendants have jointly provided direction to Plaintiff and Class Members and have jointly maintained communication with, and shared control of Plaintiff and Class Members with regard to the assignment, method, manner and monitoring the progress of their work and deliveries

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1      57.    As such, Defendants are each directly, jointly and severally liable for

2  violations in this case perpetrated against Plaintiff and Class Members.

3      58.    All of Defendant IMC's store locations are advertised as a single

4  integrated enterprise on their website at:

5  http://www.imcparts.net/locations/index.shtml#.

6      59.    Defendant MLI employed employees, including Plaintiff herein, who

7  regularly engaged in commerce or in the production of goods for commerce or in

8  handling, selling or otherwise working on goods and materials which have moved

9  in or been produced for commerce within the meaning of Section 3(b), (g), (i) and

10  (j) of the FLSA, 29 U.S.C. §203(b), (i), (j), (r) & (s)(A)(i).

11      60.    Defendant CAL, Inc. employed employees, including Plaintiff herein,

12  who regularly engaged in commerce or in the production of goods for commerce or

13  in handling, selling, or otherwise working on goods and materials which have

14  moved in or been produced for commerce within the meaning of Section 3(b), (g),

15  (i) and (j) of the FLSA, 29 U.S.C. §203(b), (i), (j), (r) & (s)(A)(i).

16      61.    Defendant IMC employed employees, including Plaintiff herein, who

17  regularly engaged in commerce or in the production of goods for commerce or in

18  handling, selling, or otherwise working on goods and materials which have moved

19  in or been produced for commerce within the meaning of Section 3(b), (g), (i) and

20  (j) of the FLSA, 29 U.S.C. §203(b), (i), (j), (r) & (s)(A)(i).

21      62.    Defendant MLI's annual gross volume of sales made or business done

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1 | is not less than $500,000 within the meaning of 29 U.S.C. §203(s)(A)(ii).

2 |     63.    Defendant CAL, Inc.'s  annual gross volume of sales made or business

3 | done is not less than $500,000 within the meaning of 29 U.S.C. §203(s)(A)(ii).

4 |     64.    Defendant IMC's annual gross volume of sales made or business done

5 | is not less than $500,000 within the meaning of 29 U.S.C. §203(s)(A)(ii).

6 |     65.    At all times hereinafter mentioned, the activities of the Defendants

7 | constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA.

8 | 29 U.S.C. §203(r) & (s).

9 |     66.    At all relevant times hereinafter mentioned, Defendants employed

10 | employees including Plaintiff herein, who regularly engaged in commerce or in the

11 | production of goods for commerce or in handling, selling, or otherwise working on

12 | goods and materials which have moved in or been produced for commerce within

13 | the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. §203(b), (i), (j),

14 | (r) & (s)(A)(i).

15 |     67.    At all relevant times, Defendants maintained control, oversight, and

16 | direction over Plaintiff and Class Members, including timekeeping, payroll and

17 | other employment practices that applied to them.

18 |     68.    Defendants applied the same employment policies, practices, and

19 | procedures to throughout the State of California, including policies, practices, and

20 | procedures with respect to payment of overtime compensation.

21 |

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

# FACTUAL BACKGROUND

I.    **Drivers' Work**

    A.    **Generally**

    69.    Plaintiff and all Class Members were Drivers for Diligent.

    70.    Throughout the relevant period, all Drivers were consistently misclassified by Diligent as independent contractors.

    71.    Defendants MLI and CAL Inc. operate a business that's primary purpose is to partner with businesses as a transportation and logistics services provider.  Specifically, they hire drivers for businesses.  Defendant IMC operates a business that's primary purpose is sourcing and delivering automobile parts. Diligent offers an auto parts delivery service as a primary part of their business.

    72.    As Drivers, Plaintiff and Class Members performed services that are not outside the usual course of, but are in fact integral to, Diligent's business.

    73.    Diligent benefits greatly by misclassifying its Drivers as independent contractors.  By treating its Drivers as independent contractors, Diligent operates a scheme to shift its business expenses to its employees.  Diligent requires Drivers to pay for insurance, gas, repairs, and maintenance of their own vehicles in order to receive work from Defendants.

    74.    By treating Drivers as independent contractors instead of employees, Diligent has engaged and continues to engage in a scheme to avoid workers' compensation and unemployment payments, social security, other payroll taxes

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1    owed by employers, and other benefits otherwise owed to employees.

2        75.    By classifying its Driver workforce as independent contractors,

3    Diligent is able to obtain a significant competitive advantage over similar

4    companies that operate within the confines of the law by shifting a significant

5    portion of the cost of their business expenses to their employees.  As a result,

6    Diligent's practices drive down wages, stifle competition, and undercut fair labor

7    practices across the industry and in the economy generally.  MLI d/b/a Diligent

8    Delivery Services' website boasts:

9            Between monthly vehicle payments, continual maintenance
            costs, fuel prices, and the expense of workers' wages,
10           maintaining your own delivery fleet puts a huge dent in your
            profit margin.  By outsourcing your recurring delivery needs,
11           you can save as much as 32% of your transportation budget,
            allowing you to divert the finances to improve your specialty
12           services or products.

13       76.    Defendant IMC operates a business enterprise consisting of ten auto

14   parts stores throughout the State of California.  IMC shares its Drivers throughout

15   the California stores.  IMC's Drivers were all hired by Defendants MLI and CAL,

16   Inc.; however, the Drivers day to day employment was and is controlled by

17   Defendant IMC, who required and continues to require the Drivers to report to

18   various IMC stores each workday in order to deliver necessary supplies.

19       77.    Diligent controls Drivers' work and limits their freedom and discretion

20   through various mechanisms, including (a) policies set forth in the Owner Operator

21   Agreement (e.g., the Diligent Owner Operator Agreement ("OOA" or

1   "Agreement")), and (b) close supervision by direct supervisors and other Diligent

2   managers.

3        **B.**    <u>**Diligent's Supervision And Control Over Drivers**</u>

4        78.    Diligent closely supervises its Drivers.  Diligent retains the right to

5   control and does control nearly every aspect of its Drivers' work.  Such control

6   includes, but is not limited to, the following:

7           a.    Plaintiff and Class Members were required to report to a specific

8                    IMC store by either 7:00 a.m. or 7:30 a.m. each work day on

9                    Mondays through Fridays, at which time, IMC provided

10                    Plaintiff and Class Members with their initial round of deliveries

11                    that needed to be immediately completed;

12           b.    Plaintiff and Class Members were required to return to their

13                    assigned IMC stores at approximately 5:00 p.m. on Mondays

14                    through Fridays of each workweek and were not afforded meal

15                    or rest breaks throughout the day;

16           c.    Plaintiff and Class Members were required to report to a specific

17                    IMC store by either 8:00 a.m. or 8:30 a.m. each Saturday, and

18                    were required to return to their assigned IMC stores at

19                    approximately 2:00 p.m. and were not afforded meal or rest

20                    breaks.

21           d.    Plaintiff and Class Members were not permitted to engage in

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1   other employment during their regularly scheduled hours with

2   Diligent;

3   e.   IMC controlled the method, manner, and time that Plaintiff and

4   Class Members deliver automobile parts to IMC's customers

5   through a dispatcher that was located at each IMC store.  Each

6   workday, IMC assigned to Plaintiff and the Class Members: the

7   number of stops that Plaintiff and Class Members make, the

8   number of locations parts must be delivered to, how many parts

9   must be delivered to each location, and the time of day each part

10   must be delivered;

11   f.   Plaintiff and Class Members did not negotiate regarding the

12   rates charged for their services;

13   g.   Plaintiff and Class Members were disciplined by all Defendants,

14   with termination recommendations typically originating with

15   Defendant IMC and executed by Defendants MLI and CAL Inc.;

16   h.   Plaintiff and Class Members' deliveries were monitored by

17   Diligent.  Plaintiff and Class Members were required to be in

18   contact with IMC's dispatchers regarding the status of deliveries

19   throughout the day.  For each delivery stop, Plaintiff and Class

20   Members were required to confirm with IMC that the delivery

21   was made.  If Drivers encountered any problems with a delivery,

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1    they were required to notify IMC; and

2          i.    Plaintiff and Class Members were required to get signatures

3                from customers when deliveries were made.

4    **C.**    **Diligent's Control Over Drivers' Schedules and Assignments**

5          79.    All of the work performed by Class Members was assigned by Diligent

6    and/or Diligent was aware of all the overtime work that Plaintiff and Class

7    Members performed.

8          80.    Diligent determines delivery needs and provides the assignments to

9    Drivers.  MLI and CAL, Inc. assign their Drivers to a set schedule, while IMC

10    dispatchers communicate with Drivers in order to issue specific delivery

11    instructions that Plaintiff and Class Members are required to follow.

12          81.    Plaintiff and Class Members were told they could delegate their work

13    to other drivers, but any substitution was typically completed by Defendants upon

14    Defendants' Drivers requesting a day off.

15          82.    Plaintiff and Class Members could not engage in an independent

16    business given the full-time nature of their work for Diligent.

17          83.    Plaintiff and Class Members are dependent upon Diligent for their

18    work and are unable to offer delivery services to other companies during their

19    workday.

20    **D.**    **Drivers' Standard Training And Testing**

21          84.    Defendants did not provide Plaintiff and Class Members with any

15    COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1    training in order to complete their duties as drivers.

2        85.    Defendants did not require Plaintiff and Class Members have any

3    specific skills or take any independent initiative to perform their duties.

4        **E.    Drivers' Hours**

5        86.    Plaintiff and Class Members have been victims of Diligent's common

6    policy and plan that has violated their rights under the FLSA and applicable state

7    law by requiring Drivers to work in excess of 40 hours per week and denying them

8    overtime compensation for all overtime worked.

9        87.    At all times relevant, Diligent's unlawful policy and pattern or practice

10   of denying its Drivers overtime compensation has been willful.

11       **F.    Pay Structure**

12       88.    Upon hiring, as set forth in Diligent's OOA, Drivers were paid a

13   predetermined, fixed sum at a bimonthly rate.

14       89.    Plaintiff and Class Members were not given an opportunity to

15   negotiate the rates charged for their services.

16       90.    Plaintiff and Class Members payment was subject to fees and

17   deductions and payments were rarely made on schedule. For example, Plaintiff and

18   Class Members were subject to a daily deduction for an "administrative fee" of $3

19   per day as well as a uniform fee where Diligent deducted approximately $12 from

20   their pay stubs on multiple occasions to pay for T-shirts required as part of their

21   uniform.

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1    91.    Pay stubs would not reflect any time records of work or basis for

2    deductions.

3    **II.    Misclassification**

4    92.    Diligent misclassified its Drivers as so-called "independent

5    contractors."  However, the Drivers should have been classified as nonexempt

6    employees, as defined by the FLSA and applicable state law.

7         **A.    Independent Contractor Misclassification**

8    93.    Drivers should have been classified as employees, not independent

9    contractors.

10    94.    **Dependence.**  As a matter of economic reality, the Drivers are

11    economically dependent on Diligent as opposed to being in business for

12    themselves.  Drivers are practically unable to promote themselves or their non-

13    Diligent businesses while on assignment.  Plaintiff and Class Members are not

14    allowed and do not exercise independent judgment or discretion regarding their

15    work for Diligent.  All independent judgment and discretion is subsumed by

16    adherence to Diligent's scheduling requirements and route micromanagement.

17    95.    **Time period.**  Drivers are engaged for lengthy periods of time –

18    usually more than a year – under periodic contracts called OOAs.  OOAs typically

19    set forth a period of twelve months.  OOAs are generally automatically extended

20    unless there is a performance or personnel problem that warrants a change in

21    assignment or termination of the Driver.  For all practical purposes, Diligent

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1  renews Drivers' OOAs so fluidly that there is little disruption, if any, in their

2  employment period with Diligent.  This arrangement typically results in a de facto

3  employment period of multiple years for Drivers.

4       96.    **Control.**  Diligent exercises significant control over Drivers' work.

5  Drivers are required to report to and IMC location at a set time each day, and are

6  required to adhere to a preplanned delivery schedule.  Diligent required drivers to

7  wear a uniform identifying them as a Diligent driver, and were required to follow

8  to a dress code policy.  Multiple times throughout the year, Diligent would hold

9  group meetings to instruct Drivers regarding new accounts and delivery locations.

10  In effect, Drivers are told how to do their jobs, told when to do their jobs and told

11  where to do their jobs.

12       97.    **Supervision**.  Diligent maintains close supervision of their Drivers'

13  work. An IMC dispatcher serves as a point of contact throughout the work day,

14  and monitors Drivers' efficiency in making deliveries.  Dispatchers call drivers

15  while en route if there are complaints that a delivery is made late.

16       98.    **Profit / loss.**  Drivers do not have an opportunity to make a profit or

17  loss in any real sense, like true independent contractors do.  Diligent pays the

18  Drivers a fixed sum bimonthly, as opposed to by commission or based on

19  productivity.  Furthermore, Diligent prohibits Drivers from engaging in other

20  meaningful work or independent business while performing Diligent services

21  because their mandated scheduling effectively render it impossible for Drivers to

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1    engage in other business opportunities.

2    99.    **Employment relationship.**  Diligent – and not the Drivers themselves

3    – negotiates and obtains the automobile parts orders and delivery contracts

4    between their clients.  Drivers are simply the labor used by Diligent to meet its

5    contractual obligations with their clients.  Drivers are an integral part of Diligent's

6    business.  Without the Drivers, Diligent could not fulfill its contracts with their

7    clients.    Plaintiff and Class Members performed services that were not outside the

8    usual course of Defendants' business and are essential to Diligent's business.

9    100.    **Termination.**  Diligent's OOA reserves to Diligent the right to

10    terminate the relationship with Drivers at any time before the end of the term if

11    done with seven days' written notice.

12    101.    **No subordinates.**  Drivers do not supervise other individuals.  Drivers

13    do not hire their own employees to facilitate their assignments. While Drivers were

14    told they could delegate work to other drivers, any substitution of a Driver was

15    typically completed by Diligent upon Drivers requesting a day off.

16    B.    **Exemption Misclassification**

17    102.    **Salary.**  Diligent's OOA provides for Drivers to be paid on a salary

18    basis.  Where Diligent's OOA provides for salary pay, Diligent cannot satisfy the

19    FLSA's or applicable state laws' salary basis test because Diligent has a policy and

20    practice of making improper compensation deductions that violate the salary basis

21    test.  Specifically, OOAs provide that when a Driver will be charged "a fee of $3.00

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

for each day Owner Operator accepts and completes a client-engagement opportunity." Furthermore, pay stubs would often reflect a payment less than the agreed upon fixed payment, based on deductions made without explanation.

103. **Nonexempt.** Drivers do not fit within any exemption to the FLSA or applicable state law.

### III. Benefits Available To Diligent Employees

104. Because they should properly be considered employees, Drivers are entitled to the same benefits to which properly classified Diligent employees are entitled.

105. On information and belief, all full-time Diligent employees are entitled to the following benefits: (1) medical, (2) dental, (3) vision, (4) group legal, (5) life, (6) short- and long-term disability, (7) accidental death and dismemberment, (8) paid time off, and (9) 401(k). These benefits were not provided to Plaintiff or Class members.

### COLLECTIVE ACTION ALLEGATIONS

106. Plaintiff brings the First Claim for Relief for violation of the FLSA as a collective action pursuant to section 16(b) of the FLSA, 29 U.S.C. § 216(b), on behalf of the Nationwide FLSA Plaintiffs.

107. Plaintiff and Nationwide FLSA Plaintiffs are similarly situated in that they have substantially similar job requirements and pay provisions, and are subject to Diligent's common practice, policy, or plan of unlawfully characterizing them as

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1    independent contractors and refusing to pay them overtime pay in violation of the

2    FLSA.

3        108.   The First Claim for Relief for violations of the FLSA may be brought

4    and maintained as an "opt-in" collective action pursuant to section 16(b) of the

5    FLSA, 29 U.S.C. § 216(b), since the claims of Plaintiff are similar to the claims of

6    the Nationwide FLSA Plaintiffs.

7        109.   The contact information (including names, addresses, phone numbers,

8    e-mail addresses, and other identifying information) of the Nationwide FLSA

9    Plaintiffs are available from Diligent's records.  Notice should be provided to the

10   Nationwide FLSA Plaintiffs via first class mail, e-mail, and posting in the offices

11   where they have worked as soon as practicable, to allow the Drivers to make

12   informed decisions regarding their rights to seek overtime pay and other remedies.

13                 **CALIFORNIA CLASS ACTION ALLEGATIONS**

14       110.   The California Named Plaintiff (Mr. Gordon) brings the Second,

15   Third, Fourth, Fifth, Sixth, and Seventh Claims for Relief for violation of

16   California's wage and hour, unfair competition, and private attorney general laws as

17   a class action, pursuant to Fed. R. Civ. P. 23(a) and (b)(3), on behalf of all

18   California Class members, defined in paragraph 17.

19       111.   **Numerosity** (Fed. R. Civ. P. 23(a)(1)) – The California Class is so

20   numerous that joinder of all members is impracticable.  The California Named

21   Plaintiff is informed and believes, and on that basis alleges, that during the

California Class Period, Diligent has employed at least fifty persons who satisfy the definition of the California Class.

112. **Commonality** (Fed. R. Civ. P. 23(a)(2)) – Common questions of law and fact exist as to members of the California Class, including, but not limited to, the following:

a. Whether Diligent unlawfully classified the California Class members as independent contractors;

b. Whether the California Class members are nonexempt employees entitled to overtime compensation for overtime hours worked under the overtime pay requirements of California law;

c. Whether Diligent unlawfully failed to pay overtime compensation in violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*, and the California Labor Code and related regulations, Cal. Labor Code §§ 201, 202, 203, 226, 510, 1174, 1174.5, and 1194, Cal. Wage Order No. 4-2001;

d. Whether Diligent's policy and practice of classifying the California Class as independent contractors exempt from overtime entitlement under California law and Diligent's policy and practice of failing to pay overtime to California Class members violate applicable provisions of California law,

1  including applicable statutory and regulatory authority;

2  e.  Whether Diligent unlawfully failed to keep and furnish

3  California Class members with records of hours worked, in

4  violation of Labor Code §§ 226 and 1174;

5  f.  Whether Diligent unlawfully failed to provide California Class

6  members with meal and rest breaks, in violation of Labor Code

7  §§ 226.7 and 512;

8  g.  Whether Diligent's policy and practice of failing to pay its

9  employees all wages due within the time required by law after

10  their employment ended violates California law; and

11  h.  The proper measure of damages sustained and the proper

12  measure of restitution recoverable by members of the California

13  Class.

14  113.  **Typicality** (Fed. R. Civ. P. 23(a)(3)) – The California Named

15  Plaintiff's claims are typical of California Class' claims.  The California Named

16  Plaintiff, like the California Class, was subjected to Diligent's policy and practice

17  of refusing to pay overtime in violation of California law.  The California Named

18  Plaintiff's job duties were typical of those of the California Class.

19  114.  **Adequacy** (Fed. R. Civ. P. 23(a)(4)) – The California Named Plaintiff

20  will fairly and adequately represent and protect the interests of the California Class.

21  115.  **Adequacy of counsel** (Fed. R. Civ. P. 23(g)) – The California Named

1    Plaintiff has retained counsel competent and experienced in complex class actions,

2    the FLSA, and state labor and employment litigation.  Plaintiff's counsel has

3    litigated numerous class actions on behalf of employees asserting overtime

4    misclassification claims under the FLSA and state law.  Plaintiff's counsel intend to

5    commit the necessary resources to prosecute this action vigorously for the benefit

6    of all Class members.

7        116.  **Predominance and superiority** (Fed. R. Civ. P. 23(b)(3)) – Class

8    certification of the Second, Third, Fourth, Fifth, and Sixth Claims for Relief is

9    appropriate under Fed. R. Civ. P. 23(b)(3) because questions of law and fact

10   common to the California Class predominate over any questions affecting only

11   individual members of the California Class, and because a class action is superior to

12   other available methods for the fair and efficient adjudication of this litigation.

13   Diligent's common and uniform policies and practices unlawfully treat the

14   California Class as independent contractors exempt from overtime pay

15   requirements.  The damages suffered by individual California Class members are

16   small compared to the expense and burden of individual prosecution of this

17   litigation.  In addition, class certification is superior because it will obviate the need

18   for unduly duplicative litigation that might result in inconsistent judgments about

19   Diligent's practices.

20       117.  **Notice** (Fed. R. Civ. P. 23(c)(2)(B)) – The California Named Plaintiff

21   intends to send notice to all California Class members consistent with the

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1    requirements of Fed. R. Civ. P. 23.

2    **FIRST CLAIM FOR RELIEF**
**(Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*,**
3    **Brought by Plaintiff on Behalf of Himself and the Nationwide FLSA Plaintiffs)**

4        118.   Plaintiff, on behalf of himself and all Nationwide FLSA Plaintiffs,

5    realleges and incorporates by reference all other paragraphs as if they were set forth

6    again herein.

7        119.   At all relevant times, Diligent has been, and continues to be, an

8    "employer" engaged in interstate "commerce" and/or in the production of "goods"

9    for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant

10   times, Diligent has employed, and continues to employ, "employee[s]," including

11   Plaintiff and the Nationwide FLSA Plaintiffs.  At all relevant times, Diligent has

12   had gross operating revenues in excess of $500,000.

13       120.   Plaintiff's signed Consent to Sue form has been filed, pursuant to

14   section 16(b) of the FLSA, 29 U.S.C. §§ 216(b) and 256.  It is likely that other

15   similarly situated individuals will sign consent forms and join as Plaintiff in

16   asserting this claim in the future.

17       121.   The FLSA requires each covered employer, including Diligent, to

18   compensate all nonexempt employees at a rate of not less than one and one-half

19   times the regular rate of pay for work performed in excess of forty hours in a

20   workweek.

21       122.   Under the FLSA, the Nationwide FLSA Plaintiffs are employees who

1    are entitled to be paid overtime compensation for all overtime hours worked.

2        123.    At all relevant times, Diligent, pursuant to its policies and practices,

3    failed and refused to pay overtime premiums to the Nationwide FLSA Plaintiffs for

4    their hours worked in excess of forty hours per week.

5        124.    By failing to compensate Plaintiff and the Nationwide FLSA Plaintiffs

6    at a rate not less than one and one-half times the regular rate of pay for work

7    performed in excess of forty hours in a workweek, Diligent has violated, and

8    continues to violate, the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C.

9    § 207(a)(1) and § 215(a).

10        125.    By failing to record, report, and/or preserve records of hours worked

11    by Plaintiff and the Nationwide FLSA Plaintiffs, Diligent has failed to make, keep,

12    and preserve records with respect to each of its employees sufficient to determine

13    their wages, hours, and other conditions and practice of employment, in violation of

14    the FLSA, 29 U.S.C. §§ 201 *et seq.*, including 29 U.S.C. § 211(c) and § 215(a).

15        126.    The foregoing conduct, as alleged, constitutes a willful violation of the

16    FLSA within the meaning of 29 U.S.C. § 255(a).

17        127.    Plaintiff, on behalf of himself and the Nationwide FLSA Plaintiffs,

18    seeks recovery of attorneys' fees and costs of action to be paid by Diligent, as

19    provided by the FLSA, 29 U.S.C. § 216(b).

20        128.    Plaintiff, on behalf of himself and the Nationwide FLSA Plaintiffs,

21    seeks damages in the amount of unpaid overtime compensation, liquidated damages

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

as provided by the FLSA, 29 U.S.C. § 216(b), interest, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**(Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 510, 1194;**
**Brought by the California Named Plaintiff on Behalf of Himself and the California Class)**

129.    Plaintiff, on behalf of himself and all members of the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

130.    California law requires an employer, such as Diligent, to pay overtime compensation to all nonexempt employees for all hours worked over forty per week, or over eight per day.

131.    Under California law, Plaintiff and the California Class are nonexempt employees entitled to be paid overtime compensation for all overtime hours worked.

132.    Throughout the California Class Period, and continuing through the present, Plaintiff and the California Class worked in excess of eight hours in a workday and/or forty hours in a workweek.

133.    During the California Class Period, Diligent misclassified Plaintiff and the California Class as independent contractors, exempt from overtime pay entitlement, and failed and refused to pay them overtime premium pay for their overtime hours worked.

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

134.   As a direct and proximate result of Diligent's unlawful conduct, as set forth herein, Plaintiff and the California Class have sustained damages, including loss of earnings for hours of overtime worked on behalf of Diligent in an amount to be established at trial, prejudgment interest, and costs and attorneys' fees, pursuant to statute and other applicable law.

**THIRD CLAIM FOR RELIEF**
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,**
**Brought by the California Named Plaintiff on Behalf of Himself and the**
**California Class)**

135.   Plaintiff, on behalf of himself and the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

136.   California Labor Code sections 201 and 202 require Diligent to pay its employees all wages due within the time specified by law.  California Labor Code section 203 provides that if an employer willfully fails to timely pay such wages, the employer must continue to pay the subject employees' wages until the back wages are paid in full or an action is commenced, up to a maximum of thirty days of wages.

137.   Plaintiff and all California Class members who ceased employment with Diligent are entitled to unpaid compensation, but to date have not received such compensation.

138.   More than thirty days have passed since Plaintiff and certain California Class members left Diligent's employ.

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

139.   As a consequence of Diligent's willful conduct in not paying compensation for all hours worked, Plaintiff and California Class members whose employment ended during the class period are entitled to thirty days' wages under Labor Code section 203, together with interest thereon and attorneys' fees and costs.

**FOURTH CLAIM FOR RELIEF**
**(California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203**
**California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203**
**California Wage Payment Provisions, Cal. Labor Code §§ 201, 202, & 203,**
**Brought by the California Named Plaintiff on Behalf of Himself and the**
**California Class)**

140.   Plaintiff, on behalf of himself and the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

141.   Diligent knowingly and intentionally failed to provide timely, accurate, itemized wage statements including, *inter alia*, hours worked, to Plaintiff and the California Class in accordance with Labor Code section 226(a) and the IWC Wage Orders.  Such failure caused injury to Plaintiff and the California Class, by, among other things, impeding them from knowing the amount of wages to which they are and were entitled.  At all times relevant herein, Diligent has failed to maintain records of hours worked by Plaintiff and the California Class as required under Labor Code section 1174(d).

142.   Plaintiff and the California Class are entitled to and seek injunctive relief requiring Diligent to comply with Labor Code sections 226(a) and 1174(d),

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

and further seek the amount provided under Labor Code sections 226(e) and 1174.5, including the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurred and one hundred dollars ($100) per employee for each violation in a subsequent pay period.

**FIFTH CLAIM FOR RELIEF**
**(California Meal And Rest Period Provisions,**
**Cal. Wage Order No. 4-2001; Cal. Labor Code §§ 226.7 & 512,**
**Brought by The California Named Plaintiff on Behalf of Himself and the**
**California Class)**

143.   Plaintiff, on behalf of himself and the California Class, realleges and incorporates by reference all other paragraphs as if they were set forth again herein.

144.   Plaintiff and the California Class regularly work and have worked in excess of five-hour shifts without being afforded at least a half-hour meal break in which they were relieved of all duty and more than ten-hour shifts without being afforded a second half-hour meal break in which they were relieved of all duty, as required by Labor Code sections 226.7 and 512 and Wage Order No. 4-2001, section 11(a).

145.   In addition, Plaintiff and the California Class regularly work and have worked without being afforded at least one ten-minute rest break, in which they were relieved of all duty, per four hours of work performed or major fraction thereof, as required by Labor Code section 226.7 and Wage Order No. 4-2001, section 12.

146.   As a result of Diligent's failure to afford proper meal periods, it is

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1   liable to Plaintiff and the California Class for one hour of additional pay at the

2   regular rate of compensation for each workday that the proper meal periods were

3   not provided, pursuant to Labor Code section 226.7 and Wage Order No. 4-2001,

4   section 11(b).

5          147.   As a result of Diligent's failure to afford proper rest periods, it is liable

6   to Plaintiff and the California Class for one hour of additional pay at the regular rate

7   of compensation for each workday that the proper rest periods were not provided,

8   pursuant to Labor Code section 226.7 and Wage Order No. 4-2001, section 12(b).

**SIXTH CLAIM FOR RELIEF**
**(California Unfair Competition Law, Cal. Bus. & Prof. Code §§ 17200 *et seq.*,
Brought by The California Named Plaintiff on Behalf of Himself and the
California Class)**

148.   Plaintiff, on behalf of himself and all members of the California Class,

reallages and incorporates by reference all other paragraphs as if they were set forth

again herein.

149.   The foregoing conduct, as alleged, violates the California Unfair

Competition Law ("UCL"), Cal. Bus. & Prof. Code §§ 17200 *et seq.*  Section

17200 of the Cal. Bus. & Prof. Code prohibits unfair competition by prohibiting,

*inter alia*, any unlawful or unfair business acts or practices.

150.   Within the four years before the filing of this action, Diligent

committed, and continues to commit, acts of unfair competition, as defined by the

UCL, by, among other things, engaging in the acts and practices described herein.

1    Diligent's conduct as herein alleged has injured Plaintiff and the California Class

2    by wrongfully denying them earned wages, and therefore was substantially

3    injurious to Plaintiff and the California Class.

4          151.    Diligent engaged in unfair competition in violation of the UCL by

5    violating, *inter alia*, each of the following laws.  Each of these violations

6    constitutes an independent and separate violation of the UCL:

7          a.    The Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.*;

8          b.    California Labor Code § 1194;

9          c.    California Labor Code §§ 201, 202, 203, 226, 226.7, and 512;

10         d.    California Labor Code § 1174; and

11         e.    California Labor Code § 510, which provides in relevant part:

12               Any work in excess of eight hours in one workday and any work

13               in excess of 40 hours in any one workweek and the first eight

14               hours worked on the seventh day of work in any one workweek

15               shall be compensated at the rate of no less than one and one-half

16               times the regular rate of pay for an employee.  Any work in

17               excess of 12 hours in one day shall be compensated at the rate of

18               no less than twice the regular rate of pay for an employee.  In

19               addition, any work in excess of eight hours on any seventh day

20               of a workweek shall be compensated at the rate of no less than

21               twice the regular rate of pay of an employee.

1    152.   Diligent's course of conduct, acts, and practices in violation of the

2    California laws mentioned in the above paragraph constitute a separate and

3    independent violation of the UCL.  Diligent's conduct described herein violates the

4    policy or spirit of such laws or otherwise significantly threatens or harms

5    competition.

6    153.   The unlawful and unfair business practices and acts of Diligent,

7    described above, have injured California Class members in that they were

8    wrongfully denied the payment of earned overtime wages.

9    154.   Plaintiff, on behalf of himself and the California Class, seeks

10   restitution in the amount of the respective unpaid wages earned and due at a rate of

11   at least one and one-half times the regular rate of pay for work performed in excess

12   of forty hours in a workweek, or eight hours in a day, and double the regular rate of

13   pay for work performed in excess of twelve hours per day.

14   155.   Plaintiff, on behalf of himself and the California Class, seeks recovery

15   of attorneys' fees and costs of this action to be paid by Diligent, as provided by the

16   UCL and California Labor Code §§ 218, 218.5, and 1194.

17   **SEVENTH CLAIM FOR RELIEF**
     **(California Private Attorneys General Act of 2004, Cal. Lab. Code §§ 2698-**
18   **2699.5,**
     **Brought by the California Named Plaintiff**
19   **on Behalf of Himself and All Aggrieved Employees)**

20   **(Notice of Future Claim)**

21   156.   Plaintiff, on behalf of himself and all aggrieved employees, as well as

COMPLAINT FOR VIOLATIONS OF FLSA
     AND CALIFORNIA WAGE AND HOUR LAWS
     CASE NO. 2:17-CV-01802

1    on behalf of the general public of California, realleges and incorporates by

2    reference all other paragraphs as if they were set forth again herein.

3        157.   Under the California Private Attorneys General Act ("PAGA") of

4    2004, Cal. Lab. Code §§ 2698-2699.5, an aggrieved employee, on behalf of himself

5    and other current or former employees as well as the general public, may bring a

6    representative action as a private attorney general to recover penalties for an

7    employer's violations of the California Labor Code and IWC Wage Orders.  These

8    civil penalties are in addition to any other relief available under the California

9    Labor Code, and must be allocated 75% to California's Labor and Workforce

10   Development Agency ("LWDA") and 25% to the aggrieved employee, pursuant to

11   California Labor Code § 2699.

12       158.   Plaintiff alleges, on behalf of himself and all aggrieved employees, as

13   well as the general public, that Diligent has violated the following provisions of the

14   California Labor Code and the following provisions of the IWC Wage Orders that

15   are actionable through the California Labor Code and PAGA, as previously alleged

16   herein: Cal. Lab. Code §§ 201-03, 218.5, 226, 226.7, 226.8, 510, 512, 1174, 1174.5,

17   and 1194, and IWC Wage Order No. 4-2001.  Each of these violations entitles

18   Plaintiff, as a private attorney general, to recover the applicable civil penalties on

19   his own behalf, on behalf of all aggrieved employees, and on behalf of the general

20   public.

21       159.   California Labor Code § 2699(a), which is part of PAGA, provides in

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

pertinent part:

> Notwithstanding any other provision of law, any provision of this code that provides for a civil penalty to be assessed and collected by the Labor and Workforce Development Agency or any of its departments, divisions, commissions, boards, agencies, or employees, for a violation of this code, may, as an alternative, be recovered through a civil action brought by an aggrieved employee on behalf of themselves or himself and other current or former employees pursuant to the procedures specified in § 2699.3.

160.    California Labor Code § 2699(f), which is part of PAGA, provides in pertinent part:

> For all provisions of this code except those for which a civil penalty is specifically provided, there is established a civil penalty for a violation of these provisions, as follows: . . . (2) If, at the time of the alleged violation, the person employs one or more employees, the civil penalty is one hundred dollars ($100) for each aggrieved employee per pay period for the initial violation and two hundred dollars ($200) for each aggrieved employee per pay period for each subsequent violation.

161.    Plaintiff is entitled to civil penalties, to be paid by Diligent and allocated as PAGA requires, pursuant to California Labor Code § 2699(a) for Diligent's violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is already specifically provided by law.  Furthermore, Plaintiff is entitled to civil penalties, to be paid by Diligent and allocated as PAGA requires, pursuant to California Labor Code § 2699(f) for Diligent's violations of the California Labor Code and IWC Wage Orders for which violations a civil penalty is not already specifically provided.

162.   On March 6, 2017, Plaintiff provided written notice by certified mail to the LWDA of the legal claims and theories of this case.  Plaintiff simultaneously provided a copy of that notice by certified mail to Diligent.  If the LWDA does not provide notice "within 65 calendar days of the postmark date of" Plaintiff's notice, Plaintiff will be entitled to assert this claim.  Cal. Labor Code § 2699.3(a)(2).

163.   Under PAGA, Plaintiff and the State of California are entitled to recover the maximum civil penalties permitted by law for the violations of the California Labor Code and IWC Wage Order No. 4-2001 that are alleged in this complaint.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, on behalf of himself and all Class members nationwide, prays for relief as follows:

A.       Declaratory judgment that Diligent's arbitration clause is unenforceable.

WHEREFORE, Plaintiff, on behalf of himself and all members of the Nationwide FLSA Class, prays for relief as follows:

B.       Designation of this action as a collective action on behalf of the Nationwide FLSA Plaintiffs (asserting FLSA claims) and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA Opt-In Class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims in this action by filing individual Consent to Sue forms

COMPLAINT FOR VIOLATIONS OF FLSA
AND CALIFORNIA WAGE AND HOUR LAWS
CASE NO. 2:17-CV-01802

1 pursuant to 29 U.S.C. § 216(b);

2         C.     Designation of Plaintiff as Representative of the Nationwide

3 FLSA Plaintiffs;

4         D.     A declaratory judgment that the practices complained of herein

5 are unlawful under the FLSA;

6         E.     An award of damages, according to proof, including liquidated

7 damages, to be paid by Diligent;

8         F.     Costs of action incurred herein, including expert fees;

9         G.     Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

10         H.     Post-judgment interest, as provided by law; and

11         I.     Such other legal equitable relief as this Court deems necessary,

12 just, and proper.

13         WHEREFORE, Plaintiff, on behalf of himself and the California

14 Class, prays for relief as follows:

15         J.     Certification of this action as a class action on behalf of the

16 California Class;

17         K.     Designation of Plaintiff as Representative of the California

18 Class;

19         L.     Designation of Plaintiff's counsel of record as Class Counsel for

20 the California Class;

21         M.     A declaratory judgment that the practices complained of herein

1    are unlawful under applicable state law;

2              N.      Appropriate injunctive and equitable relief, including an order

3    enjoining Diligent from continuing its unlawful practices;

4              O.      Appropriate statutory penalties;

5              P.      Appropriate civil penalties;

6              Q.      An award of damages, liquidated damages, and restitution to be

7    paid by Diligent according to proof;

8              R.      Pre-judgment and post-judgment interest, as provided by law;

9              S.      Such other injunctive and equitable relief as the Court may

10   deem just and proper; and

11             T.      Attorneys' fees and costs of suit, including expert fees and costs.

12         Plaintiff hereby demands a jury trial on all causes of action and claims with

13   respect to which he has a right to jury trial.

14                                            Respectfully submitted,

15   Dated:  March 6, 2017              By:   _/s/ Jahan C. Sagafi_____
16                                              Jahan C. Sagafi

17                                            Jahan C. Sagafi (Cal. Bar No. 224887)
                                             Relic Sun (Cal. Bar No. 306701)
18                                           OUTTEN & GOLDEN LLP
                                             One Embarcadero Center, 38th Floor
                                             San Francisco, CA  94111
19                                           Telephone:  (415) 638-8800
                                             Facsimile:   (415) 638-8810
20                                           E-Mail: jsagafi@outtengolden.com
                                             E-Mail: rsun@outtengolden.com

21

1    Troy L. Kessler *(pro hac vice motion forthcoming)*

2    Marijana Matura *(pro hac vice motion forthcoming)*

3    SHULMAN KESSLER LLP
     534 Broadhollow Road, Suite 275

4    Melville, New York 11747
     Telephone:  (631) 499-9100

5    Facsimile:   (631) 499-9120
     E-Mail: tkessler@shulmankessler.com

6    E-Mail: mmatura@shulmankessler.com

7    Jason C. Marsili (SBN 233980)
     POSNER & ROSEN LLP

8    3600 Wilshire Boulevard, Suite 1800
     Los Angeles, CA 90010

9    Telephone: (213) 389-6050
     Facsimile: (213) 389-0663

10   E-Mail: jmarsili@posner-rosen.com

11   *Attorneys for Plaintiff and proposed Collective and Class members*

12

13

14

15

16

17

18

19

20

21